IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ChanneLinx, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:05-401-HMH |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| John F. McGovern and Eric M. Lynch, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on John F. McGovern's ("McGovern") motion to dismiss. On February 10, 2005, McGovern filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and the doctrine of fraudulent joinder. In the motion, McGovern did not argue that ChanneLinx, Inc.'s ("ChanneLinx") claims against Eric M. Lynch ("Lynch") should be dismissed on the basis of judicial estoppel. However, in the reply to ChanneLinx's response to the motion, McGovern alleged that ChanneLinx should be judicially estopped from bringing any claims against Lynch because ChanneLinx failed to list any potential claims against Lynch in its bankruptcy proceedings.[1] (Reply Opp'n Pl.'s Resp. Mot. Dismiss at 5 n.4.)

On February 3, 2003, ChanneLinx filed a voluntary petition ("petition") for bankruptcy under Chapter 11 in United States Bankruptcy Court for the District of South Carolina. In re ChanneLinx, Inc. No. 03-01262 (Bankr. D.S.C. 2003). ChanneLinx was required to acknowledge its assets, including "contingent and unliquidated claims," in its petition. (Pet.

---

[1] It is noteworthy that McGovern first raised the issue of judicial estoppel in his notice of removal. (Notice of Removal at 7-8.) Nonetheless, even if McGovern had failed to raise the issue in his notice of removal or in his reply to ChanneLinx's response to the motion, the court could have raised the issue of judicial estoppel sua sponte. See Cathcart v. Flagstar Corp., No. 97-1977, 1998 WL 390834, at *8 n.2 (4th Cir. June 29, 1998) (unpublished).

1

Bankr. Sched. B at 2.)  Failure to notify creditors of potential claims in the disclosure of assets may preclude a debtor in bankruptcy from asserting these claims later, unless the failure to disclose the potential claims was "inadvertent."  See  Barger v. City of Cartersville, Georgia, 348 F.3d 1289, 1295-96 (11th Cir. 2003) (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)).  A "debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  Barger, 348 F.3d at 1296 (quoting In re Coastal Plains, 179 F.3d at 210).

ChanneLinx wrote the following statement in Schedule B of the petition, beside "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims":  "Possible claims against former officers of the debtor." (Pet. Bankr. Sched. B. ¶ 20.)  Despite the instruction in the form to "Give estimated value of each [claim]," ChanneLinx failed to list the possible claims individually, and omitted an estimation of the value of those claims, merely stating the current market value as "Unknown." (Id.)  Further, in its Disclosure Statement to Plan of Reorganization filed on June 6, 2003, ChanneLinx did not list potential claims against former employees and/or officers as an asset of the company.

McGovern has alleged that judicial estoppel should bar ChanneLinx from bringing any claim against Lynch.  It is unclear to the court whether (1) ChanneLinx's disclosure of "possible claims against former officers of the debtor" in Schedule B of the petition was the *only* disclosure made during the bankruptcy proceedings or if there were other disclosures, and (2) whether the disclosure in Schedule B (and any additional disclosures) was sufficient to provide notice to the creditors of ChanneLinx's bankruptcy estate of potential claims against

2

*either* McGovern or Lynch. To date, ChanneLinx has not addressed the issue of judicial estoppel directly. Therefore, the parties are ordered to fully brief the court on their positions on the issue of judicial estoppel within ten (10) days of the date of this order.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 18, 2005