IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ChanneLinx, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:05-401-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| John F. McGovern and Eric M. Lynch, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the court's sua sponte review of subject matter jurisdiction. The court concludes that, at the time of removal, it lacked subject matter jurisdiction to hear this case. As such, the court remands this case to the Court of Common Pleas of Greenville County, and vacates its previous order granting ChanneLinx, Inc.'s ("ChanneLinx") motion to amend the complaint and motion to extend the time to file a response to Eric M. Lynch's ("Lynch") motion to dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

ChanneLinx is an electronic commerce company offering supply chain automation software and services. (Compl. ¶ 5.) John F. McGovern ("McGovern") served as a director of ChanneLinx from May 19, 2000, until his resignation on June 28, 2002. (Id. ¶ 6.) Lynch served as ChanneLinx's controller from May 23, 2000, until he resigned in July 2002. (Id. ¶ 7.)

In 2000, ChanneLinx's revenues did not meet expectations, and its expenses resulted in an operating loss of fifteen million dollars ($15,000,000). ChanneLinx's financial condition further deteriorated into the summer of 2001. (Id. ¶ 8.) ChanneLinx alleges that, in an

1

attempt to address its continuing operating losses and dismal financial performance, it replaced its president with McGovern. (Id. ¶ 9.) Despite McGovern's employment, ChanneLinx continued failed to meet its financial expectations in the second half of 2001 and into 2002. (Id. ¶ 10.)

To address the shortfall in capital, ChanneLinx's board of directors ("BOD") approved a $450,000 loan as a final cash infusion into the company. (Compl. ¶ 12.) ChanneLinx alleges that McGovern, Lynch, and Steven Reynolds ("Reynolds"), the vice president and chief financial officer of ChanneLinx, represented to the BOD and potential lenders that the loan would provide sufficient funds to pay operating expenses through late 2002, address current accounts payable issues, and fund a successful fourth quarter of 2002. (Id. ¶ 13.) The BOD and lenders allegedly relied on these representations in approving the loan. (Id. ¶ 14.)

Part of the loan was never advanced, however, because of an adverse change in ChanneLinx's financial status. ChanneLinx failed to make payments to the Internal Revenue Service ("IRS") for withholding taxes for the fourth quarter of 2001 and the first two quarters of 2002. (Id. ¶ 16.) ChanneLinx's failure to pay the IRS resulted in an IRS investigation, the IRS penalizing ChanneLinx, and part of the loan not being disbursed to ChanneLinx. (Id. ¶¶ 15, 16.) McGovern, Lynch, and Reynolds are allegedly responsible for these problems. (Id. ¶ 16.) Additionally, McGovern, Lynch, and Reynolds allegedly delayed in making employee trust payments and employee-funded amounts into employees' 401K plans, resulting in an investigation by the Department of Labor. (Compl. ¶ 17.) Further, two ChanneLinx employees filed a lawsuit against ChanneLinx and its officers and directors for nonpayment of

2

sales commissions. (Compl. ¶ 18.) Finally, Reynolds and Lynch informed the BOD that ChanneLinx would miss an "imminent payroll," after which multiple members of the BOD, including McGovern, resigned. (Id. ¶¶ 19-20.)

On February 3, 2003, ChanneLinx filed a voluntary petition ("petition") for bankruptcy under Chapter 11 in United States Bankruptcy Court for the District of South Carolina. ChanneLinx's plan for reorganization was approved, and the bankruptcy case was closed on June 30, 2004. (Compl. ¶ 27.)

ChanneLinx filed a complaint on December 28, 2004, in the Court of Common Pleas of Greenville County, South Carolina, asserting claims against both Lynch and McGovern for breach of fiduciary duty, violation of South Carolina Code of Laws section 33-8-420 (Law Co-op. 1990), negligence and recklessness, and also against McGovern only for violation of South Carolina Code of Laws section 33-8-300 (Law Co-op. 1990). ChanneLinx seeks actual damages and interest on all four causes of action, and punitive damages for the breach of fiduciary duty and negligence and recklessness claims. (Compl. ¶ 46.)

ChanneLinx alleges that McGovern and Lynch failed to advise the BOD and misrepresented ChanneLinx's financial condition in an effort to prolong their employment. (Id. ¶ 21.) ChanneLinx further claims that if the BOD had been aware of ChanneLinx's financial status and the inquiries of the governmental agencies, the BOD could have responded to prevent ChanneLinx's deepening insolvency. (Id. ¶¶ 23, 24.) ChanneLinx alleges that McGovern and Lynch had a fiduciary duty to ChanneLinx, its shareholders, and its creditors, and they breached this duty by failing to inform the BOD of ChanneLinx's failure to pay

withholding taxes, non-payment of employee benefits plan obligations, deepening insolvency, and claims by employees for sales commissions. (Id. ¶ 27.)

McGovern removed the case to this court on February 7, 2005, and Lynch filed a motion to dismiss the claims against him on February 10, 2005. The court granted ChanneLinx's motion to amend its complaint and its motion to extend time to respond to Lynch's motion to dismiss on May 5, 2005.

## II. DISCUSSION OF THE LAW

### A. Removal

McGovern argues that the court has both diversity jurisdiction and federal question jurisdiction to hear this case. See 28 U.S.C.A. §§ 1331, 1332 (West 1993 & Supp. 2005). A case that has been removed "is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed." Brown v. Eastern States Corp., 181 F.2d 26, 28-29 (4th Cir. 1950). However, the court is "obligated to construe removal jurisdiction strictly because of the significant federalism concerns implicated. Therefore, [i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 118 (4th Cir. 2004) (internal quotation marks omitted); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (explaining that "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction") (internal quotation marks omitted).

### B. Diversity Jurisdiction & Fraudulent Joinder

McGovern first alleges that the court has diversity jurisdiction because ChanneLinx, a citizen of South Carolina, fraudulently joined Lynch, also a citizen of South Carolina, as a

defendant. "The fraudulent joinder doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). "Under this doctrine, a district court can assume jurisdiction over a case even if . . . there are nondiverse named defendants at the time the case is removed . . . , dismiss the nondiverse defendant[s], and thereby retain jurisdiction." Id. However, "[t]he party alleging fraudulent joinder bears a heavy burden--it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley, 187 F.3d at 424. Unless McGovern shows that ChanneLinx has no "possibility of recovery" on any of its claims against Lynch, therefore, the court cannot find that ChanneLinx fraudulently joined Lynch. Id. McGovern sets forth three grounds to support his claim that ChanneLinx fraudulently joined Lynch.

### 1. Lynch Was Neither an Officer Nor a Director

First, McGovern argues that ChanneLinx cannot recover against Lynch because ChanneLinx's claims all rely on Lynch being an officer and/or director of ChanneLinx. McGovern asserts that Lynch was never an officer or director of ChanneLinx; therefore, ChanneLinx's claims against Lynch based on his role as an officer and/or director must fail. To support his arguments, McGovern appended an affidavit from Lynch asserting that he was never an officer or director of ChanneLinx, Lynch's resignation letter, and a copy of ChanneLinx's bylaws, which set forth ChanneLinx's officer positions. (Compl. Ex. A (Lynch Aff. ¶ 6, Lynch Resignation Letter & ChanneLinx Bylaws).)

McGovern has produced strong evidence supporting his assertion that Lynch was not an officer or director of ChanneLinx. However, the evidence still fails to meet the heavy

burden of proving that ChanneLinx has no possibility of recovery against Lynch, as the court must resolve all issues of law and fact in favor of ChanneLinx and must rely on the record at the time of removal. See Hartley, 187 F.3d at 424; Brown, 181 F.2d at 28-29. ChanneLinx alleges that Lynch was an officer, and the McGovern asserts that he was not. At this stage in the proceedings, the court must resolve the issue of fact as to whether Lynch was an officer of ChanneLinx in favor of ChanneLinx, because the court cannot say that ChanneLinx "has no chance of establishing the facts necessary to support" that claim. Id. at 425. As such, McGovern's reliance on the allegation that Lynch was not an officer, and that ChanneLinx thus cannot recover on any of its claims, is without merit.

     Even if McGovern proved that Lynch was not technically a director or an officer under ChanneLinx's bylaws, a court could find that ChanneLinx does not have to prove that Lynch was an officer or director to prevail on its claims that Lynch breached his fiduciary duties and was negligent and reckless in his actions as controller. ChanneLinx may be able to prove that Lynch was in a fiduciary relationship with the BOD when he served as controller and that he breached the duties that attend such a fiduciary relationship. See Ellis v. Davidson, 595 S.E.2d 817, 822 (S.C. Ct. App. 2004) (noting that a "fiduciary relationship is founded on the trust and confidence reposed by one person in the integrity and fidelity of another."). See also Hendricks v. Clemson Univ., 578 S.E.2d 711, 715 (S.C. 2003) (explaining that "[w]hether there is a fiduciary relationship . . . is an equitable issue" and "equitable issues are for the determination of the court"). Finally, McGovern fails to establish that ChanneLinx cannot recover against Lynch for Lynch's allegedly negligent or reckless actions as controller.

Accordingly, as ChanneLinx may recover against Lynch on one or more of its claims, McGovern's first argument fails.

### 2. Judicial Estoppel

Second, McGovern argues that ChanneLinx should be barred from bringing its claims against Lynch because ChanneLinx did not schedule these claims against Lynch as an asset in bankruptcy. In Schedule B of the Petition for bankruptcy, beside "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," ChanneLinx wrote the following statement: "Possible claims against former officers of the debtor." (Pet. Bankr. Sched. B. ¶ 20.) ChanneLinx's response provided no additional information as to these possible claims and merely stated that the current market value of these claims was "Unknown." (Id.) Further, in its Disclosure Statement to Plan of Reorganization filed on June 6, 2003, ChanneLinx did not list potential claims against former employees or officers as an asset of the company.

Failure to notify creditors of potential claims in the disclosure of assets may preclude a debtor in bankruptcy from asserting these claims later, unless the failure to disclose the potential claims was "'inadvertent.'" See Barger v. City of Cartersville, 348 F.3d 1289, 1295 (11th Cir. 2003) (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)). A "debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Barger, 348 F.3d at 1296 (internal quotation marks omitted).

As noted above, the court must resolve all issues of law and fact in favor of ChanneLinx. Accordingly, Lynch may have been an officer, and the notification of claims

against former officers in the petition could have been sufficient to notify ChanneLinx's creditors of its claims against Lynch. Finally, even if the notification was insufficient, a court could find that ChanneLinx's failure to provide its creditors with notice of the possible claims against Lynch was inadvertent. For these reasons, the court concludes that McGovern's judicial estoppel argument does not bar all possibility that ChanneLinx may recover against Lynch, and this second argument to support the court's subject matter jurisdiction is therefore without merit.

### 3. Bankruptcy

Finally, McGovern states that, "Additionally, because of Plaintiff's bankruptcy, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334." (Notice of Removal ¶ 12(l).) McGovern included this statement as part of his argument for fraudulent joinder, but it is unclear how ChanneLinx's bankruptcy would preclude all possibility of recovery by ChanneLinx on its claims against Lynch. McGovern provided no further explanation.[1] Accordingly, the court concludes that McGovern failed to meet his burden to show that, at the time of removal, ChanneLinx had no possibility of recovering on any of its claims against Lynch. As such, the court finds that ChanneLinx did not fraudulently join Lynch to defeat diversity jurisdiction.

---

[1] To the extent that McGovern intended this statement to be a separate basis for jurisdiction and not an argument for fraudulent joinder, McGovern has not argued that or shown how this case is "related to" ChanneLinx's bankruptcy to support this court's jurisdiction. See 28 U.S.C.A. § 1334(b) (West 1993); see also New Horizon of NY LLC v. Jacobs, 231 F.3d 143, 150-52 (4th Cir. 2000) (explaining jurisdiction pursuant to 28 U.S.C. § 1334).

### C. Federal Question Jurisdiction

Alternatively, McGovern asserts that the court has federal question jurisdiction. McGovern argues that "[e]ach of the claims asserted by Plaintiff in its complaint is based in part on the alleged failure of Defendant McGovern and Defendant Lynch to adequately advise and disclose Plaintiff's non-payment of employee benefits plan allegations . . . and non-payment of employee benefits, plan obligations." (Notice of Removal ¶ 16) (internal quotation marks omitted.) McGovern also points out that "[t]he allegations contained in Paragraph 17 of the Complaint appear to implicate Defendants for mismanagement and misuse of plan funds as fiduciaries of the Plaintiff's employee pension benefit plan." (Id. ¶ 18.) These allegations, McGovern argues, demonstrate that "Plaintiff's claims relate to the[] pension benefit plan, which is governed by [the Employee Retirement Income Security Act of 1974 ("ERISA")]." (Id. ¶ 18.) McGovern concludes, therefore, that the claims are preempted by ERISA, and such preemption provides the federal question to support the court's federal question jurisdiction. McGovern's argument is unpersuasive.

Unless ChanneLinx's claims are completely preempted by ERISA, preemption does not provide a basis for federal question jurisdiction. "[S]tate law complaints usually must stay in state court when they assert what appear to be state law claims," and there is a presumption against finding complete preemption. Lontz v. Tharp, No. 04-1967, 2005 WL 1539282, at *3 (4th Cir. July 1, 2005). However, "that presumption is rebuttable, because federal law occasionally displace[s] entirely any state cause of action." Id. (internal quotation marks omitted). "When it does, federal law then provide[s] the exclusive cause of action for such claims," and "there is . . . no such thing as a state-law claim in the regulated area."

9

Id. (internal quotation marks omitted). "[McGovern's] burden, then, is to demonstrate that a federal statute indisputably displaces any state cause of action over a given subject matter." Id. McGovern has not met that burden.

Assuming, without deciding, that ChanneLinx's claims relate to the benefit plan for purposes of ERISA preemption, cf. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990) (recognizing limits to ERISA's preemption clause), McGovern has not shown that ERISA completely preempts ChanneLinx's state law claims and provides a basis for removal. See Lontz, 2005 WL 1539282 at *3 (distinguishing between "complete preemption" and "ordinary" or "conflict" preemption). As the court "must construe removal strictly, reasonable doubts must be resolved against the complete preemption basis for it." Id. at *4. Therefore, neither diversity jurisdiction nor federal question jurisdiction provides a basis for removal. For the reasons noted above, the court remands this case to the Court of Common Pleas for Greenville County, South Carolina.

It is therefore

**ORDERED** that this case is remanded to the Court of Common Pleas for Greenville County, South Carolina. It is further

**ORDERED** that the court's order granting ChanneLinx's motion to amend the complaint and motion to extend the time to file a response, Document number 14, is vacated.

**IT IS SO ORDERED.**

                                                                  s/ Henry M. Herlong, Jr.
                                                                  United States District Judge

Greenville, South Carolina
August 5, 2005